UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

LEONID B. MILMAN,

                Plaintiff,                    **MEMORANDUM & ORDER**

    -against-                        24-cv-3780 (NRM)

MARTIN J. O'MALLEY, *Commissioner of
Social Security*,

                Defendant.
————————————————————X

NINA R. MORRISON, United States District Judge:

    Plaintiff Leonid B. Milman initiated this case under 42 U.S.C. § 405(g) to review the Social Security Administration's denial of his disability benefits. Following a Joint Motion to Remand, the agency reversed its position and issued a Notice of Award, entitling Plaintiff to past due disability benefits. Plaintiff now moves for an attorney fee authorization under 42 U.S.C. § 406(b). For the reasons discussed below, this Court grants Plaintiff's motion.

## BACKGROUND

    On May 14, 2024, Plaintiff Leonid B. Milman retained Daniel H. Fishman, Esq. ("counsel") of the firm Chermol & Fishman, LLC to challenge in federal court the Social Security Administration's ("SSA") denial of disability benefits. Plaintiff signed a contingency attorney fee agreement (the "Agreement") with counsel, which provides, in relevant part, "[i]f the case is pursued to federal court and eventually favorably decided, the firm/my representative may pursue fees." Social Security

Retainer and Fee Agreement, ECF No. 11-2 at 1.[1]  The Agreement further provides, "[i]f the firm/my representative seeks 406(b) fees, it may elect to effectuate any necessary EAJA refund by seeking less than 25% of past due benefits (specifically, 25% of past due benefits minus any previously paid EAJA fees)."  *Id.*  The Agreement explicitly states, "[i]f no benefits are paid on my claims(s), I will not have to pay the firm/my representative or his firm for their legal services regarding that claim(s)." *Id.* at 2.

Thereafter, Plaintiff filed a Complaint seeking judicial review of SSA's adverse decision in his period of disability and disability insurance benefits case under 42 U.S.C. § 405(g).  Compl., ECF No. 1 (May 27, 2024).  The agency's determination was dated August 16, 2023 and became final on March 27, 2024.  *Id.* at 1.  Plaintiff specifically sought reversal and remand, as well as costs and attorney's fees.  *Id.*

SSA filed the administrative transcript, *see* Administrative Tr. ("A.T."), ECF No. 5 (Sep. 27, 2024), and the parties then jointly moved to reverse and remand SSA's determination to the agency for further proceedings.  Joint Mot. to Remand, ECF No. 6 (Oct. 15, 2024).

Following this successful resolution, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA").  Mot. for Att'y Fees *(EAJA)*, ECF No. 8 (Dec. 20, 2024).  The parties subsequently filed a joint motion for attorney's fees, stipulating to $2,700 in fees and $405 in costs.  Joint Mot. for Att'y Fees, ECF No. 10

---

[1] All page references use ECF pagination except where noted.

(Jan. 17, 2025).  This Court granted the joint motion by a docket order dated January 21, 2025.

Following remand and further proceedings, SSA issued a Notice of Award to Plaintiff on July 21, 2025.  Notice of Award ("Notice"), ECF No. 11-1.  This Notice of Award indicated Plaintiff's past due benefits totaled $56,316, with $14,079 withheld for payment of attorney's fees pursuant to 42 U.S.C. § 406(b).[2]  Notice at 3.

Plaintiff then filed the instant motion for attorney's fees.  Mot. for Att'y Fees *(406(b))* ("Mot."), ECF No. 11 (July 28, 2025).  This motion included the Notice of Award, the retainer and fee agreement executed between Plaintiff and counsel, and a statement of attorney time expended.  SSA filed a response, indicating it neither consents to nor opposes Plaintiff's motion.  Resp. to Mot., ECF No. 12 (Aug. 4, 2025).

## <u>DISCUSSION</u>

The Social Security Act provides that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C. § 406(b)(1)(A).  Though a motion for attorney's fees under section 406(b) is filed under Plaintiff's name, counsel is the true party in interest.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Section 406(b) permits contingency fee arrangements, provided they represent "a reasonable fee."  *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990).

---

[2] The Notice of Award does not explicitly state the total past due benefits to which Plaintiff is entitled.  The Court arrives at this $56,316 sum by multiplying the $14,079 withholding, which the Notice of Award indicates is 25 percent of past due benefits, by four.

As an initial matter, an application for fees must be timely within the 14-day time limit laid down in Fed. R. Civ. P. 54(d)(2)(B).  *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019).  Here, counsel's application was made on July 28, 2025, seven days after the Notice of Award issued to Plaintiff.  Counsel's application is thus clearly timely.

Second, the Court must confirm that the fee authorization does not exceed 25 percent of the total past due benefits obtained by the claimant.  Here, the $14,079 fee award requested by counsel is identical to the 25 percent withholding indicated by the Notice of Award.  *Compare* Mot. at 5 (conclusion paragraph requesting $14,079 in fees), *with* Notice at 3 (Notice of Award indicating amount withheld for possible fee authorization).  Moreover, counsel affirmatively indicates he will refund the earlier-awarded EAJA fee amount to Plaintiff, thereby reducing his total fees below 25 percent of total past due benefits.  Mot. ¶ 4.  Accordingly, counsel's request comports with this facet of section 406(b).

This Court must next evaluate whether counsel's requested fee authorization is reasonable.  The Second Circuit instructs "that courts should 'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'"  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Gisbrecht*, 535 U.S. at 808).  A reasonableness determination must consider (1) "the character of the representation and the results the representative achieved"; (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused"; (3) "whether there

has been fraud or overreaching in making the contingency agreement"; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor . . . articulated in [*Wells*, 907 F.2d at 372]." *Fields*, 24 F.4th at 853 (citing *Gisbrecht*, 535 U.S. at 808) (citation modified).

While the first two factors are "straightforward," the "windfall" factor is "less clear." *Id.* "Courts must consider more than the de facto hourly rate." *Id.* at 854. In evaluating whether a fee award constitutes a windfall, courts look to (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Applying these factors to the instant case indicates that counsel's requested fee authorization is reasonable. First, counsel represents that he dedicated 12.1 hours of work to Plaintiff's case before this Court. Statement of Att'y Time Expended ("Time Statement"), ECF No. 11-3 at 1–2. Dividing counsel's requested $14,079 fee authorization by these expended hours indicates counsel would receive a *de facto* hourly rate of $1,163.55. This rate is well within "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see also Gentile v. Kijakazi*, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y May 3, 2023) (collecting cases approving *de facto* hourly rates between

$1,072.17 and $2,100 while finding an hourly rate of $1,750 to be reasonable); *Rubalskaya v. Comm'r of Soc. Sec.*, No. 23-CV-4625 (AMD), 2025 WL 2074177, at *2 (E.D.N.Y. July 23, 2025) (approving a *de facto* hourly rate of $979.70); *Hidalgo v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-1271 (RPK), 2025 WL 1384246, at *2 (E.D.N.Y. May 13, 2025) (finding that a *de facto* hourly rate of $2,665.73 constituted a windfall where the attorney only expended 2.9 hours on the case before reducing the hourly rate to $1,500).

A review of the record also indicates that the requested fee authorization is reasonable. While counsel did not file a brief before this Court, the documentation he submitted indicates he did substantive work on this case, including reviewing the 685-page administrative transcript, *see* A.T., outlining a potential brief, and conferring with counsel for the SSA to achieve an early, non-adversarial resolution of Plaintiff's appeal. *See* Time Statement at 2 (indicating counsel "outline[d] for opening brief" and "[c]onfer[red] with SSA"). Though counsel has only represented Plaintiff for a little over a year, it is clear his firm achieved an excellent result for Plaintiff, prevailing first in his efforts to reverse and remand the initial adverse SSA decision before prevailing again on the merits before the agency and securing substantial past due benefits for Plaintiff. Counsel acted expeditiously through the litigation, avoiding undue delay, and there is no allegation of fraud or overreach by counsel. Moreover, the Agreement executed by counsel and Plaintiff appears to be standard for practitioners in this area of the law.

Finally, counsel's requested fee authorization does not represent a windfall. Counsel was efficient in his handling of the litigation. For example, he conducted an initial review of the administrative transcript within a day of receiving it, *compare* Time Statement at 2 (indicating counsel reviewed the transcript on September 28, 2024, *with* A.T. (indicating the administrative transcript was filed on September 27, 2024), and took the case before this Court from filing to successful resolution in less than six months through the expenditure of only 12.1 hours. While counsel's representation of Plaintiff has lasted only a year, this is partly due to counsel's efficiency. Counsel further represents that, in addition to his representation before this court, he and his firm also expended more than 20 hours representing Plaintiff in the administrative proceedings before the agency. Mot. ¶ 6. While this fee authorization does not compensate counsel for this time expended at the administrative level, the Court may consider it in determining that there is no windfall. *See Fields*, 24 F.4th at 855. Further, there is no indication that Plaintiff is dissatisfied with counsel's representation. That representation ultimately produced complete success, first in the form of reversal and remand of SSA's initial adverse decision and subsequently in the form of an award of past due benefits. Finally, counsel represents that there was a degree of uncertainty as to Plaintiff's success, evidenced by an earlier attorney's apparent abandonment of Plaintiff's claim before counsel's representation began. Mot. ¶ 6.

This Court sees no reason to reduce counsel's fee below what Plaintiff consented to at the outset of this litigation. Counsel's representation was competent

and efficient and, in the end, produced the results Plaintiff sought.    Fees authorizations under section 406(b) serve the important end of encouraging attorneys to accept social security cases on a contingent basis, representing claimants who may otherwise struggle to find attorneys.    Counsel's requested fee authorization is reasonable, and he is entitled to the fee authorization that he and Plaintiff outlined in their Agreement.

## CONCLUSION

Accordingly, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED.  The Commissioner is directed to release to counsel the $14,079 withheld from Plaintiff's past due benefits, in accordance with agency policy.  Upon receipt of that fee, counsel must promptly refund to Plaintiff $2,700, the fee amount that counsel previously received under the EAJA.  This case will remain closed.


        SO ORDERED.

                                            /s/ Nina R. Morrison
                                            NINA R. MORRISON
                                            United States District Judge

Dated: August 23, 2025
        Brooklyn, New York